[Civ. No. 6424. First Appellate District, Division Two.—July 27, 1928.]

ERNESTINE ENGELHARDT, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Carl W. Mueller for Petitioner.

Marion Vecki for Respondents.

STURTEVANT, J.—This is an application for a writ of review. The petitioner is attacking an order made by the trial court appointing a guardian of the estate of the petitioner, an alleged incompetent person of the age of seventy-nine years.

In her points and authorities the petitioner devotes much time in arguing that she has adopted the correct procedure. We think that she has. (*Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 Pac. 635].)

The gravamen of her complaint is that the trial court exceeded its jurisdiction when, under the facts, it made any order except to dismiss the application. This point rests on the claim that this petitioner was a resident of Alameda County at the time the order complained of was made in the city and county of San Francisco. The petitioner contends that the petition for letters should have alleged that the ward was a resident of San Francisco and that such fact should have been sustained by the evidence. She claims the petition contained no allegation regarding her residence, that no evidence was adduced on the subject, and that the trial court therefore exceeded its jurisdiction.

The evidence taken in the trial court on the hearing of the application for letters has not been brought up, but she has brought up copies of the files in the guardianship proceeding. The respondents admit that in the petition there is no allegation as to the residence of the ward at the time the petition was filed and respondents assert that such an allegation is not a necessary part of a petition for letters of guardianship of an alleged incompetent adult person and they cite and rely on the provisions of article II, chapter XIV, title 11, part 3, of the Code of Civil Procedure, that is, sections 1763–1767. The petitioner, on the other hand, claims that we should read together all of the sections of the entire chapter, that is, sections 1747–1810c. The chapter deals generally with the procedure applicable to proceedings entitled "Guardian and Ward." The first article deals with proceedings entitled "Guardians of Minors." The second article deals with proceedings entitled "Guardians of Insane and Incompetent Persons." Both articles are a codification of the Act of April 19, 1850 (Stats. 1850, p. 268), and the several acts amendatory thereof. (1 Hittell's General Laws 487.) Since 1850 it has been the law that the power of the probate court to appoint a guardian of the estate of a minor was limited to minors who were "inhabitants or residents" of the county in which the court was held. Except, as we will note, during the same period there has been no such limitation as to the power to appoint a guardian of the estate of an insane or incompetent person. The exception existed in 1907. On March 23, 1907, two sections, each numbered 1763, were enacted. One of those sections (Stats. 1907, chap. 514) contained a limitation as to residence. That law was of short duration. The length of its life need not be determined. Long before this case arose it was repealed by amendment. (Stats. 1909, p. 329.) It is patent that article I, *supra*, treats of the subject of the appointment of guardians of minors. It is equally patent that article II, *supra*, treats of the subject of the appointment of guardians of insane and other incompetent persons. We are commanded to so construe both articles that " . . . the provisions of each article must prevail as to all matters and questions arising out of the subject matter of such article." (Pol. Code, sec. 4483.) It is

clear that if we apply the latter rule, and we are commanded to do so, we must hold that the law did not require that the petition for letters of guardianship should allege that the ward was a resident of the City and County of San Francisco.

As stated above, the petitioner contends we should read together sections 1747–1810c, and that in doing so her contention is made clear. It is not. The reverse would be so. As to minors, the jurisdiction extends to "inhabitants or residents." (Code Civ. Proc., sec. 1747.) As to incompetents, the jurisdiction is not limited (Code Civ. Proc., sec. 1763) and, as to wards, whether minors or incompetents, who do not reside in the state, the court has jurisdiction, under certain circumstances, to appoint guardians of the estate and/or person of the ward. (Code Civ. Proc., sec. 1793.) The petitioner's contention therefore is not helpful.

However, there is a sound reason for the distinction which the legislature has made. Presumptively a minor is not in possession of his estate; but an incompetent adult is, and, moreover, presumptively he has at least some of his personal property on his person, and is thus in need of the protection of the law whether in the location of his domicile or elsewhere. Apparently it is the theory of the law that the courts should be open to the friends of the incompetent to protect the latter in the possession of his property whether the incompetent be a resident or "a stranger within your gates."

In her petition the petitioner alleged that no citation was served upon her. The record shows it was. The real point is that at the time the trial court made its order appointing a guardian of the estate of the petitioner, the records of the clerk of the trial court did not *show* that the citation had been *served*. That fact was later called to the attention of the trial court and since February 16, 1928, the said record has been full and complete on the subject.

The petitioner asserts that the trial court made certain other alleged errors. She does not claim that any one of them was jurisdictional. Conceding, solely for the purpose of this decision, that such errors were made, they may not be reviewed on this application. (Code

Civ. Proc., sec. 1068.) It does not appear that in any respect the trial court exceeded its jurisdiction in the proceedings resulting in the order appointing a guardian of the estate of the petitioner, and the proceedings are therefore affirmed.

Koford, P. J., and Nourse, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1928.

All the Justices present concurred.